**Gerald C. ARENDT; David D. Brown, Plaintiffs–Appellants,**

v.

**WASHINGTON–IDAHO–MONTANA CARPENTERS–EMPLOYERS RETIREMENT TRUST FUND; Zenith Administrators, Inc., Defendants–Appellees,**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**United States of America, Intervenor–Defendant–Appellee.**

**No. 14-35457**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted October 6,
2016 Seattle, Washington

Filed October 26, 2016

Jeffry Keith Finer, Senior Litigating Attorney, CENTER FOR JUSTICE, Spokane, WA, Gery Ronald Gasick, Attorney, Gary R. Gasick, Attorney at Law, Peoria, IL, for Plaintiffs–Appellants.

William M. Symmes, Esquire, Attorney, Witherspoon Kelley, Spokane, WA, for Defendants–Appellees.

Gerard Sinzdak, Attorney, DOJ—U.S. Department of Justice, Kenneth E. Sealls, Esquire, Attorney, U.S. DEPARTMENT OF JUSTICE, Civil Division, Federal Programs Branch, Washington, DC, for Intervenor–Defendant–Appellee.

Before: W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Gerald Arendt and David Brown appeal the district court's dismissal of their suit alleging violations of the Takings Clause and the Fifth Amendment's guarantee of equal protection. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The defendants' decision to cut the Rule of 80 early retirement benefit did

* This disposition is not appropriate for publication and is not precedent except as provided

not involve government action, so the district court properly dismissed the plaintiffs' constitutional claims. *See Blum v. Yaretsky*, 457 U.S. 991, 1002–03, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). A private entity does not become a government actor simply because it is subject to extensive regulation. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Although the Pension Protection Act of 2006 ("PPA") required the defendants to implement a rehabilitation plan, nothing in the PPA compelled them to cut the Rule of 80 benefit; they retained discretion to decide how to implement the plan—subject to collective bargaining. *See. id.*; *Blum*, 457 U.S. at 1006–07, 102 S.Ct. 2777; 29 U.S.C. § 1085(e)(3). Accordingly, no government action was present in "the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004, 102 S.Ct. 2777; *cf. George v. Edholm*, 752 F.3d 1206, 1215–17 (9th Cir. 2014).

Because there was no government action, we do not reach the merits of the plaintiffs' constitutional claims.

**AFFIRMED.**